IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM J. BESSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-228 |
| | § | |
| ACT GLOBAL AMERICAS, INC., | § | |
| D/B/A ACT GLOBAL SPORTS, INC.., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, WILLIAM J. BESSEY ("Plaintiff" or "Mr. Bessey"), by and through his counsel, hereby files this Complaint against Defendant, ACT GLOBAL AMERICAS, INC., D/B/A ACT GLOBAL SPORTS, INC. ("Defendant"), for willful violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Texas Labor Code §21.051 *et seq.* ("TCHRA"). In support of his Complaint, Plaintiff states the following:

## I.
## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, WILLIAM J. BESSEY, is an individual residing in Williamson County, Texas.

2.     Defendant, ACT GLOBAL AMERICAS, INC., d/b/a ACT GLOBAL

SPORTS, INC., is a corporation formed and existing under the laws of the State of Delaware and maintains offices in Travis County, Texas, and its primary business is as a synthetic turf manufacturer.

3.    The events at issue in this Complaint occurred while Plaintiff was employed by the Defendant in Austin, Texas.

4.    This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 USC § 1332(a).

5.    Plaintiff exhausted his administrative remedies under the ADA, ADEA and the TCHRA by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, Civil Rights Division ("TWC") and receiving a Right to Sue letter.

6.    Venue is proper in this district and division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.
## FACTUAL BACKGROUND

7.    Plaintiff was employed by the Defendant from approximately November of 2018, until January of 2020, as a "Draftsman," at Defendants' offices in Austin, Texas and was paid at on a salary basis of $42,000.00 per year.  Plaintiff's duties were to create drawings and descriptions for the creation of artificial turf for sports fields.

8.     Plaintiff is a disabled veteran with a 20% rating based on shattered ankle.  Defendant was informed by the Plaintiff that he was a disabled veteran at the time he was hired.  Plaintiff did not require any special accommodations due this disability.  Plaintiff's job with the Defendant was a desk job that Plaintiff was able to perform without accommodation.

9.     Plaintiff underwent an outpatient procedure in early 2019 wherein he part of his ankle removed due to an infection in his foot.  Thereafter, Plaintiff required the use of crutches, but was able to work without any issue.

10.    On December 28, 2019, Plaintiff went to the emergency room and was diagnosed with a bone infection in the heel of the foot upon which the outpatient procedure was performed in early 2019.

11.    While in the emergency room, Plaintiff contacted Mark Weightman, Vice President, for the Defendant, and informed him of his diagnosis and that he would need surgery to have his heel amputated.  During this telephone call, Plaintiff also informed Mr. Weightman where he was being hospitalized and Mr. Weightman requested that the Plaintiff keep him informed of his condition.

12.    On December 30, 2019, Plaintiff underwent surgery.  Plaintiff contacted Mr. Weightman and informed him of his condition as requested and also informed him of his need for rehabilitative treatment.

13.     Thereafter, on or about January 9, 2020, Plaintiff was transferred to a rehabilitation facility.  Again, Plaintiff called Mr. Weightman and updated him on his whereabouts and with his condition as requested.  During this call, Plaintiff also notified Mr. Weightman of his ability to work remotely and requested assignments.[1] Mr. Weightman did not express any issues with this as Plaintiff had previously performed work remotely for the Defendant.  Mr. Weightman responded by telling Plaintiff, "Don't worry about that right now.  Just focus on getting better."  Plaintiff also told Mr. Weightman that he was scheduled to be released from the rehabilitation center at the end of January.

14.     Throughout his stay at the rehabilitation center, Plaintiff remained capable and able to work.

15.     On January 24, 2020, Plaintiff received a letter from the Defendant via certified mail.  The letter informed the Plaintiff that his employment with the Defendant was terminated.

16.     After receiving the termination letter, Plaintiff called Mr. Weightman. Mr. Weightman to the Plaintiff, "It is not my responsibility to keep in touch with you."

---

[1] Plaintiff had his laptop computer with him at the rehabilitation center and worked with the rehabilitation facility to ensure he had a stable internet connection and workstation in his room.

### III.
### CAUSE OF ACTION
### Disability Discrimination

17.     The ADA and the TCHRA prohibit discrimination against an employee on the basis of his disability.

18.     Defendant is an employer within the meaning of the ADA and the TCHRA.

19.     Plaintiff was a qualified individual within the meaning of the ADA and the TCHRA at all times relevant to this Complaint.

20.     Plaintiff belongs to a class protected under the ADA and the TCHRA.

21.     By terminating Plaintiff's employment based on his actual or perceived disability, Defendant discriminated against Plaintiff in violation of the ADA and the TCHRA.

22.     Prior to and at the time that Defendant terminated the Plaintiff's employment, Plaintiff was qualified for the position he held as a Draftsman.

23.     Defendant discriminated against Plaintiff based on his disability intentionally and with reckless disregard to Plaintiff's rights under the ADA and the TCHRA.

24.     The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

## IV.
## DAMAGES

25.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, employment benefits, interest on back and front pay, job search expenses and injury to credit, and other consequential and incidental financial damages.  Plaintiff has also suffered non-economic damages, such as emotional distress and mental anguish.

26.     Defendant acted in reckless disregard to Plaintiff's right to be free from disability discrimination and intentionally engaged in an unlawful employment practice by discriminating against Plaintiff.

27.     Defendant's oppressive and/or malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future.

28.     Plaintiff is also entitled to his attorneys' fees and costs incurred in this matter.

## V.
## ATTORNEYS' FEES

29.     A prevailing party may recover reasonable attorneys' and experts' fees under the ADA and TCHRA.

30.    Plaintiff seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

31.    Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

## VI.
## JURY DEMAND

32.    Plaintiff demands a trial by jury of all the issues and facts in this case.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.  The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2.  The Court award Plaintiff economic and liquidated and/or non-economic damages, as specified above;

3.  The Court award Plaintiff punitive damages, as specified above;

4.  The Court award Plaintiff the equitable remedy of reinstatement or, in the alternative, front pay;

5.  The Court award Plaintiff his reasonable attorneys' and expert fees and costs;

6.  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and,

7.  The Court award Plaintiff any such other relief as the Court may find proper, whether at law or in equity.

Dated:

Respectfully submitted,

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Megan@rosslawgroup.com

*/s/ Megan E. Evans*
**MEGAN E. EVANS**
Texas Bar No. 24090092

**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**